ELD-030

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2167

JASON PHILLIP FORD,
  Appellant

v.

PRESIDENT OF THE UNITED STATES; ATTORNEY GENERAL OF THE UNITED STATES; NEW YORK LIFE INSURANCE; WELLS FARGO; DOMINO SUGAR; JP MORGAN CHASE; RJ REYNOLDS; NORFOLK SOUTHERN; CSX TRANSPORTATION; LORILLARD; WESTPOINT HOME; UNIVERSITY OF PENNSYLVANIA; UNION PACIFIC

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-02365)
District Judge: Honorable Paul S. Diamond

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011

Before: AMBRO, FISHER AND CHAGARES, Circuit Judges

## JUDGMENT

This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted for possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on May 09, 2011.



FILED
JUL 29 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

On consideration whereof, it is now hereby ORDERED and ADJUDGED by this Court that the judgment of the District Court entered April 13, 2011, be and the same is hereby affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/Marcia M. Waldron
Clerk

DATED: July 7, 2011

Certified as a true copy and issued in lieu
of a formal mandate on 07/29/2011

Teste: *Marcia M. Waldron*
Clerk, U.S. Court of Appeals for the Third Circuit

**ELD-030**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2167

JASON PHILLIP FORD,
  Appellant

v.

PRESIDENT OF THE UNITED STATES; ATTORNEY GENERAL OF THE UNITED STATES; NEW YORK LIFE INSURANCE; WELLS FARGO; DOMINO SUGAR; JP MORGAN CHASE; RJ REYNOLDS; NORFOLK SOUTHERN; CSX TRANSPORTATION; LORILLARD; WESTPOINT HOME; UNIVERSITY OF PENNSYLVANIA; UNION PACIFIC

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-02365)
District Judge: Honorable Paul S. Diamond

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011
Before: AMBRO, FISHER AND CHAGARES, Circuit Judges

(Opinion filed: July 7, 2011)

OPINION

PER CURIAM

Jason Phillip Ford appeals, pro se, from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his action pursuant to 28 U.S.C. § 1915(e). Because the appeal does not present a substantial question, we will summarily affirm. See Third Circuit LAR 27.4; I.O.P. 10.6.

Ford sued President Barack Obama, Attorney General Eric Holder, the University of Pennsylvania, and several business corporations. Ford alleged that he is the great, great, great grandson of slaves and sought damages for, inter alia, the "unknowability of [his] lineage," as well as the loss of his "native tongue" and customs. Ford asserted that liability for such damages is founded on the "value of uncompensated labor," the "profiteering of private industry groups," and "exemplary or punitive damages to deter slavery." After reviewing the complaint[1], the District Court dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B). Ford appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal under section 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

First, the District Court properly dismissed Ford's claims against President Obama and Attorney General Eric Holder because sovereign immunity deprived the court of

---

[1] Ford asserts that a large portion of his complaint was not transmitted to the District Court. We have reviewed Ford's entire submission and conclude it would be futile to remand for consideration of that material.

2

jurisdiction.² As the court rightly noted, suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). Ford points to no applicable waiver of sovereign immunity, and none is readily apparent to us.

The District Court also correctly determined that Ford's complaint failed to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.³ See Fed. R. Civ. P. 8. Ford invoked 42 U.S.C. § 1982 as providing the basis for his claims against the remaining defendants. That statute provides that all citizens have equal rights to "inherit, purchase, lease, sell, hold, and convey real estate and personal property." See 42 U.S.C. § 1982. We agree with the District Court that nothing in the complaint suggests that the remaining Defendants caused Ford to be deprived of such rights.

Lastly, because it appears that amendment of Ford's complaint would be futile, we conclude that the District Court did not err in declining to afford him leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

² Ford invoked Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), but appears to name the defendants in their official capacities only.

³ Rule 8(a) requires a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim(s) showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. Id.

3

As Ford's appeal presents no substantial question, we will summarily affirm. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.